UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEVON HAAP AND KAREN CARTER ) | CIVIL ACTION NO. |
|     Plaintiffs ) | 3:13-CV-01684 (AWT) |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| PETER K. DESIDERIO, JR. D/B/A ) | |
| CONNECTICUT AUTO WHOLESALERS, ) | |
| AND IDEAL FINANCIAL SERVICES, INC. ) | |
|     Defendants ) | DECEMBER 11, 2013 |

## AMENDED COMPLAINT

1. This is an action brought by two consumers against an automobile dealership for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, the Connecticut Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. §§ 36a-770 *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*, and for breach of warranty. Plaintiffs also assert claims against Ideal Financial Services, Inc. as holder of the contract.

2. Plaintiff, Devon Haap, ("Haap" or "Plaintiff") is a consumer residing in Winsted, Connecticut and is the son of Plaintiff Karen Carter.

3. Plaintiff, Karen Carter, ("Carter" or "Plaintiff") is a consumer residing in Torrington, Connecticut, and is the mother of Haap.

4. Defendant, Peter K. Desiderio, Jr. d/b/a Connecticut Auto Wholesalers ("CAW"), is an individual that operates a car dealership in Torrington, Connecticut.

5. Defendant, Ideal Financial Services, Inc. ("Ideal" or "Defendant"), is a Massachusetts corporation that operates a sales finance company. Ideal is a "creditor" as defined by 15 U.S.C. § 1602(g).

6. This Court has jurisdiction over CAW because it is located in Connecticut and regularly does business in Connecticut.

7. This Court has jurisdiction over Ideal because it regularly does business in Connecticut.

8. Venue in this Court is proper, because the transaction alleged herein occurred in this state.

9. On or around early June 2013, Plaintiff came across an internet advertisement for a "2002 VW Gulf" (the "Advertisement") which was posted by CAW or its authorized agents.

10. The Advertisement represented that the advertised vehicle "runs and drives perfect needs nothing super clean in and out…All Service up to date."

11. Based on the Advertisement, Haap decided to visit CAW to look at the advertised vehicle.

12. Upon arriving at CAW, Haap asked to see the advertised vehicle and was presented with a 2001 Volkswagen Golf (the "Vehicle").

13. Despite the Advertisement's representations that the Vehicle was a 2002; it was actually a year older than the advertised model year.

14. On or around June 8, 2013, Haap agreed to purchase the Vehicle for the advertised price of $4,500 with Carter as a cosigner.

2

15. At that time, CAW also agreed to provide Plaintiffs with a $4,500 trade-in allowance for Haap's 2002 Dodge Ram (the "Ram").

16. At the time of trade in, Plaintiff owed a balance of $2,563.00 on the Ram.

17. Despite the agreement of the parties, CAW prepared a Retail Installment Sales Contract ("RISC") that utilized a cash price of $6,300 for the Vehicle and prepared documents that inaccurately reflected a cash down payment of $3,500.

18. Plaintiffs did not make a cash down payment.

19. Because CAW structured this transaction with a fake cash down payment, an inflated purchase price and because it failed to include the trade-in as part of the transaction, Plaintiff paid a sales tax of $400.05 that he would not have paid if the transaction had been structured in accordance with the party's agreement, i.e., a $4,500 purchase price and a $4,500 trade-in allowance.

20. All or some of this sales tax was imposed as a condition of financing and would not have been assessed in a cash transaction. Specifically, CAW inaccurately characterized the transaction in order to induce Ideal to accept assignment of the contract, and the excess sales tax would not have been incurred but for the financing.

21. Accordingly, all or some of the sales tax would not have been required in a comparable cash transaction and was therefore incurred as an incident of financing and should have been disclosed by CAW as a finance charge.

22. By preparing a RISC that did not accurately reflect the price of the Vehicle or the amount paid as a down payment, CAW also violated RISFA, Conn. Gen. Stat. § 36a-771(a).

23. CAW failed to disclose all or some of the sales tax as a finance charge, in violation of RISFA § 36a-774.

24. Furthermore, when some or all of the sales tax is properly included as part of the finance charge, the interest rate on the contract exceeds 19%, in further violation of RISFA § 36a-772(b).

25. On or around August 1, 2013, the Vehicle was returned to CAW, and on September 11, 2013, Plaintiffs notified CAW and Ideal that they had rescinded the contract due to the violations of RISFA.

26. Plaintiffs have restored CAW and Ideal as nearly as possible to their pre-contractual position.

27. For CAW's violations of RISFA, Plaintiffs are entitled to rescission of the contract, plus a return of all monies paid thereunder.

28. CAW's aforementioned violations of RISFA also constitute violations of TILA.

29. For its violations of TILA, CAW is liable to Plaintiffs for double the amount of the finance charge, plus attorney's fees and costs.

30. After Plaintiffs accepted delivery of the Vehicle, they experienced significant mechanical defects with the Vehicle, including leaks in the steering rack, the failure of the timing belt, and problems with the engine's head gasket piston and valves.

31. CAW's representation that the vehicle "runs and drives perfect needs nothing super clean in and out… All Service up to date" was an affirmation of fact that became part of the basis of its bargain with Plaintiffs, creating an express warranty pursuant to Conn. Gen. Stat. § 42a-2-313.

32. The Vehicle did not, in fact, conform to the description provided by CAW, and CAW has breached its express warranties to Plaintiffs.

33. For CAW's breaches of express warranty, as an alternative to their rescission claim pursuant to RISFA, Plaintiffs were entitled to revoke acceptance of the vehicle, and they provided notice of revocation to CAW and Ideal.

34. Through its aforedescribed violations of RISFA, TILA and through its breaches of warranty, CAW violated CUTPA.

35. Additionally, by inflating the purchase price over the advertised cash price of $4,500, CAW engaged in a per se unfair or deceptive practice, per Conn. Agencies Regs. § 42-110b-28(b)(1).

36. Additionally, by misrepresenting the model year of the vehicle in its advertisement, CAW engaged in a per se unfair or deceptive practice, per Conn. Agencies Regs. § 42-110b-28(b)14.

37. As a result of the aforedescribed conduct, Plaintiffs suffered ascertainable losses and damages, including increased sales tax, inflated APR, loss of Haap's trade in vehicle, and repair costs.

38. For CAW's violations of CUTPA, Plaintiffs are entitled to their damages plus punitive damages and a reasonable attorney's fee.

39. Pursuant to the terms of the contract, Ideal is liable to Plaintiffs for all claims asserted under the Contract up to the amounts paid under the contract, and because CAW was provided with written notice of Plaintiffs' claims, its liability is extended to include the unpaid balance of the Contract pursuant to Conn. Gen. Stat. § 52-572g.

**Wherefore, Plaintiffs claim,** actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of up to $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); a rescission of the contract and a return of the amounts paid thereunder or, alternatively, an order stating that Plaintiffs have properly revoked acceptance of the Vehicle; actual damages pursuant to Conn. Gen. Stat. § 42-110g(a); statutory punitive damages pursuant to Conn. Gen. Stat. § 42-110g(g); attorney's fees pursuant to Conn. Gen. Stat. § 42-110g(d).

        PLAINTIFFS, DEVON HAAP AND KAREN CARTER

        By: /s/ Hailey Gallant Rice
        Daniel S. Blinn, ct02188
        dblinn@consumerlawgroup.com
        Hailey Gallant Rice, ct29150
        hgrice@consumerlawgroup.com
        Consumer Law Group, LLC
        35 Cold Spring Rd. Suite 512
        Rocky Hill, CT  06067
        Tel. (860) 571-0408
        Fax (860) 571-7457

## CERTIFICATION

 I hereby certify that on this 11th day of December, 2013, a copy of foregoing Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


Robert K. Desiderio, Jr.
d/b/a Connecticut Auto Wholesalers
627 S. Main Street
Torrington, CT 06790

Robert K. Desiderio, Jr.
d/b/a Connecticut Auto Wholesalers
506 Mt. Fair Drive
Watertown, CT 06795


Ideal Financial Services, Inc.
138 Memorial Avenue, Unit 44
West Springfield, MA  01089


        /s/ Hailey Gallant Rice
        Hailey Gallant Rice